# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1212V
Filed: March 29, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| ALICIA SKINNER-SMITH, | * | |
| | * | |
| Petitioner, | * | |
| | * | Interim attorneys' fees and costs |
| v. | * | decision; lack of information to |
| | * | determine reasonable basis |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Richard Gage</u>, Cheyenne, WY, for petitioner.
<u>Justine E. Walters</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### <u>DECISION DENYING INTERIM ATTORNEYS' FEES AND COSTS[1]</u>

On December 17, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act"), alleging that tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered on February 6, 2012 at Ochsner Medical Center ("OMC") caused her sharp pain, an abscess, and numerous other problems.  Pet. at ¶¶ 1, 4.  On March 14, 2018, petitioner filed an application for award of interim attorney's [sic] fees and reimbursement of costs.  For the reasons set forth below, the undersigned denies petitioner's motion for interim attorneys' fees and costs.
.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

## BACKGROUND

The case was reassigned to the undersigned on July 12, 2016.

On November 14, 2016, petitioner filed a one-paragraph opinion from her treating doctor Dr. Janine Ferrier stating "Many of the symptoms [petitioner] has experienced may be attributable to her vaccination, . . ." without providing any basis.  Ex. 8, at 2.  On the same day, the undersigned gave petitioner until January 13, 2017 to file medical records from Dr. Ferrier and a supplemental report from Dr. Ferrier explaining the basis for her opinion that petitioner's receipt of Tdap vaccine caused petitioner's symptoms, as timing alone is not sufficient to show causation.  After three motions for an extension of time, petitioner had until June 12, 2017 to file Dr. Ferrier's supplemental expert report.  Petitioner did not file a supplemental report from Dr. Ferrier.

On June 14, 2017, the undersigned issued the first Order to Show Cause why this case should not be dismissed for failure to prosecute.  On July 5, 2017, petitioner responded to the Order to Show stating Dr. Ferrier has already submitted her opinion and referred petitioner to a rheumatologist, neurologist, and immunologist, and petitioner is trying to work through the legal department of OMC ("Oshner legal department") to secure cooperation from her treating doctors.  Doc. 63, at 1 and 4.  On July 6, 2018, the undersigned ordered petitioner to file a status report advising the Court when she expects to complete the record by August 7, 2017.

On August 7, 2017, petitioner filed a status report saying she made many attempts to contact Dr. Ferrier through Oshner legal department without receiving a response.  As a result, she has contacted a new expert with regard to a report and is awaiting a response.  Petitioner requested an additional 60 days to complete the record in this case.  On the same day, respondent filed a reply to petitioner's response to the undersigned's Order to Show Cause of June 14, 2017 and a motion to dismiss.  On August 7, 2017, the undersigned gave petitioner until October 6, 2017 to complete the record and denied respondent's motion to dismiss because the record in this case is incomplete

On October 6, 2018, petitioner filed a status report saying the records handler shipped the outstanding records and she hoped to receive them early the following week.  On October 10, 2017, the undersigned ordered petitioner to file medical records and an expert report by October 18, 2017.  On the same day, petitioner filed more medical records (Exhibits 11-12).  After reviewing the additional medical records, on October 11, 2017, the undersigned issued an Order raising an issue asking how a vaccination in petitioner's left buttock cheek could cause her right shoulder pain and warning petitioner's counsel that she will not award attorneys' fees and costs unless it is reasonable to proceed.

On October 18, 2017, petitioner filed a status report stating she requested a conference with her former treating rheumatologist and was awaiting a response to this request.  She needed more time to get records from petitioner's neurologist Dr. Lovera.

On October 19, 2017, the undersigned held a status conference during which she gave petitioner until November 20, 2017 to file her records from her neurologist and rheumatologist as well as all relevant records from a medical review panel in Louisiana. On November 20, 2017, petitioner filed her neurologist's records and medical review panel records. Petitioner stated she has not yet received a response to her request to have a conference with her former rheumatologist.

On November 21, 2017, the undersigned issued the second Order to Show Cause why this case shall not be dismissed under 42 U.S.C. § 300aa-11(a)(5)(B)[2] since petitioner had a pending medical malpractice claim against OMC when she filed her vaccine petition.

On December 6, 2017, petitioner filed a response to the Order to Show Cause arguing that a medical review panel proceeding with the Louisiana medical board is not a civil action for medical malpractice. Respondent's reply to petitioner's response to show cause is due by May 8, 2018. Respondent has not yet filed a reply.

On March 14, 2018, petitioner filed an application for award of interim attorney's [sic] fees and reimbursement of costs, requesting a total amount of $28,578.71 in interim attorneys' fees and costs.

On March 28, 2018, respondent opposed petitioner's motion for interim attorneys' fees arguing petitioner has not established that there is a reasonable basis for her claim. Resp. at 4. Respondent requests that the undersigned "deny petitioner's interim fee application and defer ruling on such matters until entitlement has been resolved." Id. at 5.

## DISCUSSION

The Vaccine Act provides that a special master may award reasonable attorneys' fees and costs if the special master determines that the petition was "brought in good faith and there was a reasonable basis for the claim . . . ." 42 U.S.C. § 300aa-15(e)(1). However, a special master is not bound by an earlier determination that a case had reasonable basis.

At this time, it is premature for the undersigned to decide whether petitioner's case has a reasonable basis. The record in this case is incomplete. The only expert opinion petitioner filed in this case provides no basis for why petitioner's receipt of Tdap vaccine caused her symptoms. Petitioner is awaiting a response from the Ochsner legal department to her request to have a conference with her former treating rheumatologist. In addition, respondent has not yet filed a reply to petitioner's response to the undersigned's Order to Show Cause of November 21, 2017 why petitioner's filing a petition while a civil proceeding was pending in Louisiana was not a violation of section 11 of the Vaccine Act.

---

[2] The Vaccine Act prohibits people from filing vaccine petitions while a civil action is pending against a vaccine administrator. The consequence of violating this provision is dismissal of the petition. Flowers v. Sec'y of HHS, 49 F.3d 1558 (Fed. Cir. 1995).

Therefore, the undersigned **DENIES** petitioner's motion for interim attorneys' fees and costs.  She will decide whether petitioner is entitled to an award of interim attorneys' fees and costs for counsel's work once the case has developed further and the issue of reasonable basis can be resolved.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment.[3]

**IT IS SO ORDERED.**

Dated: March 29, 2018                                              s/ Laura D. Millman
                                                                                    Laura D. Millman
                                                                                    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.