# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1212V
Filed: January 26, 2024

| | |
|---|---|
| ALICIA SKINNER-SMITH,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*Richard Gage, Richard Gage, P.C., Cheyenne, WY,* for petitioner.
*Zoe Wade, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING FINAL ATTORNEYS' FEES AND COSTS[1]

  On December 17, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  (ECF No. 1.)  On June 10, 2022, petitioner was awarded interim attorneys' fees and costs totaling $114,308.39.  (ECF No. 158.)  On May 1, 2023, judgment entered awarding petitioner damages and closing the case.  (ECF No. 188.)  On July 10, 2023, petitioner moved for an award of final attorneys' fees and costs totaling $59,178.45, including $ 55,245.50 for attorneys' fees and $3,932.95 for attorneys' costs.  (ECF No. 190, p. 7.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Because she was awarded damages, petitioner is entitled to reasonable attorneys' fees and costs pursuant to § 15(e) of the Vaccine Act.  Respondent filed a response to petitioner's motion requesting the special master exercise his discretion regarding the amount of the award for attorneys' fees and costs.  (ECF No. 191, p. 3.)  As respondent observed, the determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993).  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 485 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993).  However, petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award.  *Id*. at 484.  Notwithstanding that respondent has not raised any specific objections to petitioner's fee application, "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique."  *Duncan v. Sec'y of Health & Human Servs.*, No. 99-455V, 2008 WL 4743493, at *1 (Fed. Cl. 2008); *see also McIntosh v. Sec'y of Health & Human Servs.*, 139 Fed Cl. 238, 250 (2018) (finding that the special master "abused his discretion by failing to independently review the petitioner's counsel's motion for attorneys' fees and reimbursement of case costs to determine if the requested fees and costs were reasonable.").  Furthermore, "the Special Master [has] no additional obligation to warn petitioners that he might go beyond the particularized list of respondent's challenges."  *Duncan,* 2008 WL 4743493, at *1.  Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  The lodestar approach involves first determining "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347 *(*quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Once a court makes that initial calculation, it may then make an upward or downward departure to the fee award based on other specific findings.  *Id*. at 1348.

The prior application for interim attorneys' fees and costs covered counsel's billing from the inception of the case through November 22, 2021, which encompasses all work performed up to and including the entitlement hearing held in the case.  (ECF No. 154.)  The instant motion addresses all of counsel's subsequent billing.  (ECF No. 190.)  Based on my review of the billing records, I mostly find counsel's remaining request to be reasonable with the exception of time billed drafting petitioner's motion for review in the case.  After I issued a ruling on entitlement, finding petitioner entitled to compensation for some but not all of the injuries alleged, the case moved into its damages phase.  (ECF Nos. 160-61.)  However, petitioner filed a premature motion for review regarding those aspects of the claim that had been denied prior to entry of any reviewable decision.  (ECF No. 162; *see* Vaccine Rule 23.)  Respondent filed a motion to strike the motion for review which petitioner joined, effectively acknowledging the filing to have been defective.  (ECF Nos. 169, 171.)  The motion to strike was granted

and the court did not reach the merits of petitioner's motion for review.  (ECF No. 172.)  Although petitioner's arguments for review would have been preserved until a decision was issued, no further motion for review was ever presented to the court and petitioner ultimately allowed judgment to enter awarding damages based on the undersigned's ruling on entitlement.  (ECF No. 188.)  Because the merits of the motion for review were never properly before the court and the subsequent history indicates petitioner's motion for review ultimately would not have been drafted but for counsel's procedural error, the hours spent working on that motion were not reasonably incurred.  *E.g. Liu v. Sec'y of Health & Human Servs.*, 10-55V, 2020 WL 1023582, at *6 (Fed Cl. Spec. Mstr. Jan 30, 2020) (explaining that attorneys are not entitled to compensation for work that is not necessary and reducing fees accordingly); *see also Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *4 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd*, 406 Fed. Appx. 479 (2011) (citing *Hensley v. Echkerhart*, 461 U.S. 424, 434 (1983)).  Based on my review of the billing records, Mr. Gage billed $2,908.20 between September 13, 2022, and September 15, 2022, working on the motion for review.  (ECF No. 190, p. 20.)  Ms. Blume billed $15,826.00 working on the motion between September 9, 2022, and September 14, 2022.  (*Id*. at 23.)  Paralegals Susan McNair and Brian Vance billed a total of $84.60 in relation to the motion on September 14, 2022.  (*Id*. at 25-26.)  Thus, petitioner's attorneys' fees are reduced by a total of $18,818.80.  The remainder of petitioner's requested fees and costs are reasonable and sufficiently documented.

      Accordingly, petitioner's application for final attorneys' fees and costs is **GRANTED** and petitioner is awarded **a lump sum in the amount of $40,359.65, representing reimbursement for final attorneys' fees and costs, in the form of a check made payable to petitioner and her counsel, Richard Gage of Richard Gage P.C.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

                                             **s/Daniel T. Horner**
                                             Daniel T. Horner
                                             Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).